OPINION. Opper, Judge: The portion of the deficiency in controversy was determined by inclusion in decedent’s estate of a transfer made by her during her lifetime to a trust of which she was the life beneficiary. The remainder interest in the corpus was nominally given to decedent’s sister, but “trusting that she will carry out my wishes and intentions.” There is no dispute that these “intentions” were confined to charitable purposes; that the sister, whose means were ample in her own right, was advised of decedent’s desires in this regard; or that the former in effect undertook to fulfill them. Upon the filing of a formal disclaimer by the sister after decedent’s death, petitioner has insisted that, if the transfer is properly includible in the estate, it is forthwith deductible as a gift for exempt purposes. The same conclusion will result from a determination that the value of the trust property is deductible as a transfer for charitable uses under section 812 (d), Internal Revenue Code,[1] as would follow if the alternative contention of exclusion from the gross estate were sustained. Since we are in no doubt that the deduction is permissible, consideration of the alternative issue will be unnecessary. The sole rejoinder by respondent to petitioner’s contention that the disclaimer filed by decedent’s sister was fully operative under the 1942 and 1943 amendments[2] is that she had already accepted benefits under the trust which precluded any effective action by way of renunciation of her interests. Respondent does not deny that the disclaimer was in proper form, or within the time limit specified in the statute. For his disallowance respondent relies upon language in Cerf v. Commissioner (C. C. A., 3d Cir.), 141 Fed. (2d) 564, affirming 1 T. C. 1087. There a gift tax was held to be applicable upon the taxpayer-wife’s consent to amendments in favor of the husband-grantor of a trust which had originally provided for the income to be paid to the wife to the extent that she accepted it. In disposing of the contention that by her consent to the amendments the wife was merely refusing to accept an uncompleted gift, the court observed: * * * The gift was obviously one for the taxpayer’s benefit. No doubt she could have refused it. But she did not, indeed her acquiescence is shown by becoming a trustee * * *. Without questioning the authority of these words with reference to the facts to which they refer,[3] they nevertheless seem to us entirely inapplicable here. When in 1917 decedent’s sister undertook the duties of trustee, decedent herself being at that time the sole beneficiary, the trustee’s interest was not, as in Cerf v. Commissioner, a beneficial one, nor its pursuit such an acceptance of benefits under the trust as to preclude the subsequent disclaimer. Statement of the principle involved demonstrates the contrary. The object to be achieved is consistency. See First National Bank of Portland, Executor, 39 B. T. A. 828. A donee can not be heard to accept the gift and also to renounce it.[4] But there is no inconsistency in undertaking the task of assuring an ultimate charitable disposition of trust property and at the same time — or at any other — renouncing all personal advantage. The reverse would demonstrate the inconsistency. It seems difficult indeed to suggest a more apt illustration of the situation at which the estate tax amendments were aimed.[5] A transfer actually intended for a charitable destination is from an excess of caution or a sense of protection created in ambiguous and inartificial form. When the charitable use is made inescapable, as it was here by the disclaimer, the legislation was designed to treat as certain what had then become certain. We see no reason for refusing to do so now. Granting that the precatory language used by decedent in the trust, and even the sister’s explicit commitment to decedent to carry out her wishes, might have left an ambiguous legal situation as to the ultimate charitable use of the trust property, the disclaimer at once eliminated the sister’s intervening estate and fulfilled the requirements of the estate tax provisions. See Estate of James M. Schoonmaker, Jr., 6 T. C. 404. In this respect we view the deficiency as erroneously determined. Reviewed by the Court. Decision will he entered under Rule 50. (d) Transfers for Public, Charitable, and Religious Uses. — The amount of all bequests, legacies, devises, or transfers (including the Interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made prior to the date prescribed for the filing of the estate tax return or, in the case of a decedent dying on or before October 21, 1942, if the disclaimer is made prior to September 1, 1944), to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * » * or to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, and no substantial part of the activities of such trustee or trustees, or of such fraternal society, order, or association, is carrying on propaganda, or otherwise attempting, to influence legislation. * * • Secs. 403, 408, and 409, Revenue Act of 1942 ; sec. 511, Revenue Act of 1943. But see Brown v. Routzahn (C. C. A., 6th Cir.), 63 Fed. (2d) 914, 916; certiorari denied, 290 U. S. 641: “» « « me decedent was in possession of the estate from 1912 until it was transferred to the trustees in 1920. It was not, however, in his possession as donee, but as a coexecutor. Nevertheless, at any time within that period he could have taken the one-third or made a renunciation that would have estopped him from claiming it. He did neither. * * *” “* * * A disclaimer is a complete refusal to accept the rights to which one is entitled. If the beneficiary uses these rights for his own purposes, as by receiving a consideration for his formal disclaimer, he has not refused the rights to which he was entitled. There can be no disclaimer after an acceptance of such rights, expressly or impliedly.” H. R. 2333, 77th Cong., 2d sess., 167. “Under existing law a deduction for a bequest, legacy, devise, or transfer for charitable and related purposes within the meaning of section 812 (d) or 861 (a) (3) of the Code is not allowable to the extent that the decedent empowers another to divert such bequest, legacy, devise, or transfer to another purpose. * * * a deduction should be allowed in the full amount passing for charitable and related purposes if the disclaimer of the power or of the specific bequest or devise is prompt.” H. R. 2333, op. cit., 166-167.